PORTER | SCOTT
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorney for Defendants
COUNTY OF SAN JOAQUIN, TAWNI HOSKINS, JOSHUA KELLEY, and JOEL ESTRADA
***Exempt from Filing Fees Pursuant to Government Code § 6103***

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANNY RICHARD SIGMAN, an individual,

Plaintiff,

v.

COUNTY OF SAN JOAQUIN, a government entity; TAWNI HOSKINS, an individual; JOSHUA KELLEY, an individual; JOEL ESTRADA, an individual; and DOES 1-100, inclusive,

Defendants.
_______________________________________/

CASE NO. 2:24-cv-01158-JAM-CKD

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

FAC: 04/05/2024
Complaint Filed: 02/14/2024

Defendants COUNTY OF SAN JOAQUIN, TAWNI HOSKINS, JOSHUA KELLEY, and JOEL ESTRADA, (collectively "Defendants") hereby respond to the First Amended Complaint of Plaintiff DANNY RICHARD SIGMAN as follows:

**PARTIES**

1. Answering paragraph 1, Defendants lack sufficient information or knowledge to enable it to answer the allegations contained in this paragraph, and basing its denial on this ground, generally and

specifically deny all allegations contained in this paragraph.

2. Answering paragraph 2, Defendants admit that COUNTY OF SAN JOAQUIN is, and at all times relevant herein was, a governmental entity duly organized and existing under the laws of the State of California and situated in the County of San Joaquin, State of California.

3. Answering paragraphs 3, 4, and 5 it is admitted that at all times mentioned in the complaint TWANI HOSKINS, JOSHUA KELLEY, and JOEL ESTRADA ("DEPUTIES") were employees of the COUNTY OF SAN JOAQUIN.

4. Answering paragraph 6, Defendants contend said paragraph contains conclusion of law and not an averment of fact for which a response is required. To the extent a response is required, it is admitted that jurisdiction is proper in the United States District Court

5. Answering paragraph 7, Defendants lack sufficient information or knowledge to enable it to answer the allegations contained in this paragraph, and basing its denial on this ground, generally and specifically deny all allegations contained in this paragraph.

6. Answering paragraphs 8 and 9, Defendants contend said paragraphs contain conclusions of law and not an averment of fact for which a response is required. But insofar a response is a required Defendants generally and specifically deny the allegations in said paragraphs.

**COMPLIANCE WITH CALIFORNIA TORT CLAIMS ACT**

7. Answering paragraph 10, it is admitted that government claims were submitted and rejected. As to timely filing of the lawsuit, that is a legal conclusion not an averment of fact for which an answer is required.

**JURISDICTION AND VENUE**

8. Answering paragraph 11, Defendants contend said paragraph contains conclusion of law and not an averment of fact for which a response is required. To the extent a response is required, it is admitted that jurisdiction and venue are proper in the United States District Court, Eastern District of California.

**GENERAL ALLEGATIONS**

9. Answering paragraphs 12, 13, 14, 15, 16, the allegations in these paragraphs are admitted.

10. Answering paragraph 17, it is denied insofar as DEPUTIES specifically asked Plaintiff call his daughter and directed him not to enter the house.

11. Answering paragraph 18, it is denied as to the timing suggested in the paragraph.

12. Answering paragraphs 19, the allegations are admitted.

13. Answer paragraph 20, defendants contend this paragraph contains conclusions of law not averments of fact to which a response is required. To the extent a response is required, defendants had a legal right to enter the home.

14. Answer paragraph 21, it is admitted Plaintiff used words to that effect.

15. Answering paragraph 22, it is admitted that deputy JOSHUA KELLEY warned Plaintiff that he would be detained if he did not obey his commands.

16. Answering paragraph 23, it is admitted that Deputy JOSHUA KELLEY grabbed Plaintiff SIGMAN's arms in an effort to prevent him from disobeying his commands. As to any remaining allegations, those are denied.

17. Answering paragraph 24, defendants contend this paragraph contains conclusions of law not averments of fact to which a response is required. To the extent a response is required, the allegations are denied.

18. Answering paragraph 25, it is admitted that multiple DEPUTIES warned Plaintiff SIGMAN that they would use a taser if he did not stop resisting the arresting officers.

19. Answering paragraph 26, the allegations are denied.

20. Answering paragraphs 27 and 28, the allegation is admitted.

21. Answering paragraph 29, it is admitted that Plaintiff resisted and defied commands given to him. Defendants have insufficient information to admit or deny whether plaintiff was injured, and, on that basis, denies the allegations.

## FIRST CAUSE OF ACTION

## ASSAULT

22. Answering paragraph 30, Defendants incorporate by reference all responses to all preceding paragraphs as if set forth herein.

23. Answering paragraph 31, 32, 33, 34, 35, and 36, Defendants contend said paragraphs

contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

**SECOND CAUSE OF ACTION**

**BATTERY**

24. Answering paragraph 37, Defendants incorporate by reference all responses to all preceding paragraphs as if set forth herein.

25. Answering paragraph 38, 39, 40, 41, and 42, Defendants contend said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

**THIRD CAUSE OF ACTION**

**TRESPASS**

26. Answering paragraph 43, Defendants incorporate by reference all responses to all preceding paragraphs as if set forth herein.

27. Answering paragraph 44, 45, 46, 47, 48, and 49, Defendants contend said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

**FOURTH CAUSE OF ACTION**

**FALSE IMPRISONMENT**

28. Answering paragraph 50, Defendants incorporate by reference all responses to all preceding paragraphs as if set forth herein.

29. Answering paragraph 51, 52, 53, 54, 55, and 56, Defendants contend said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

**FIFTH CAUSE OF ACTION**

**ELDER ABUSE (WELF. & INST. CODE § 15600 ET SEQ)**

30. Answering paragraph 57, Defendants incorporate by reference all responses to all preceding paragraphs as if set forth herein.

31. Answering paragraph 58, Defendants lack sufficient information or knowledge to enable it to answer the allegations contained in this paragraph, and basing its denial on this ground, generally and specifically deny all allegations contained in this paragraph.

32. Answering paragraph 59, 60, 61, and 62, Defendants contend said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF 4th AMENDMENT**

33. Answering paragraph 63, Defendants incorporate by reference all responses to all preceding paragraphs as if set forth herein.

34. Answering paragraph 64, 65, 66, 67, 68, 69, and 70, Defendants contend said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF 1983 CIVIL RIGHTS ACT**

35. Answering paragraph 71, Defendants incorporate by reference all responses to all preceding paragraphs as if set forth herein.

36. Answering paragraph 72, 73, 74, and 75, Defendants contend said paragraphs contain conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

**EIGHTH CAUSE OF ACTION**

**EXCESSIVE USE OF FORCE**

37. Answering paragraph 76, Defendants incorporate by reference all responses to all preceding paragraphs as if set forth herein.

38. Answering paragraph 77, 78, 79, and 80, Defendants contend said paragraphs contain

conclusions of law and not averments of fact for which a response is required, but insofar as a response is required, Defendants generally and specifically deny all allegations contained in these paragraphs.

39. As to the "Prayer", defendants deny that plaintiff is entitled to the relief requested or any relief whatsoever.

**AFFIRMATIVE DEFENSES**

As separate and independent affirmative defenses to the Complaint on file herein Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

At all times mentioned in the Complaint, all individual Defendants were acting in good faith and are entitled to qualified immunity.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's recovery is barred or reduced proportionately by the careless, negligence, wrongful, and willful conduct of the Plaintiff and/or third parties, which proximately caused any damage claimed in this action. Here, Plaintiff failed to comply with commands, obstructed an investigation, and resisted arrest.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof in that he failed to comply with commands, obstructed an investigation, and resisted arrest.

**FOURTH AFFIRMATIVE DEFENSE**

In the event these answering Defendants are found liable, which these answering Defendants deny and state merely for the purpose of this affirmative defense, these answering Defendants may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure § 667.7, paid in full or in part as specified in California Code of Civil Procedure § 667.7.

**FIFTH AFFIRMATIVE DEFENSE**

As to each state law claim for relief, Plaintiff's claims, and each of them, are barred by the provisions of California Penal Code sections 834a and 835a.

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

As to each state law claim for relief, Defendants allege, based on information and belief, that all acts and omissions related to the state law claims alleged in the operative Complaint fall within the immunities and defenses and all rights by virtue of provisions of the California Government Code sections 815, 820.2, 820.4, 821.8, 856.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff recovery is barred or reduced due to his failure to mitigate his damages.

**PRAYER FOR RELIEF**

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiff's action be dismissed;
2. That Plaintiff take nothing by way of his Complaint;
3. That Defendants be awarded the costs of suit, including attorney fees; and
4. For such other relief as the Court deems proper.

Dated: April 26, 2024

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ Carl L. Fessenden__________
Carl L. Fessenden
Attorney for Defendants

**DEMAND FOR JURY TRIAL**

Defendants COUNTY OF SAN JOAQUIN, TAWNI HOSKINS, JOSHUA KELLEY, and JOEL ESTRADA hereby demand a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 26, 2024

PORTER SCOTT
A PROFESSIONAL CORPORATION

By /s/ Carl L. Fessenden
Carl L. Fessenden
Attorney for Defendants

***Sigman v. County of San Joaquin, et al.***
**Stockton County Superior Court Case No.: 2:24-cv-01158-JAM-CKD**

## DECLARATION OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 500, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following: **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** on all parties in the said action as addressed below by causing a true copy thereof to be served:

| | |
|---|---|
| **X** | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

**Attorneys for Plaintiff**
ALDERLAW, PC
Michael Alder
Daniel M. Kruid
Margherita Giubilei
12800 Riverside Drive, 2nd Floor
Valley Village, CA 91607
cmalder@alderlaw.com
dkruid@alderlaw.com
mgiubilei@alderlaw.com

LAW OFFICES OF GREGORY R. DAVENPORT
Gregory R. Davenport
3439 Brookside Road, Suite 205
Stockton, CA 95219

I declare under the penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California, on April 26, 2024.

Edorquiza
Evelyn Orquiza